# ANECTO CABALLERO BALBAS

*v.*

# FRANK M. ROGERS ET AL.

---

Ponce, Law, No. 219.

TRESPASS.

1. Damages caused by water running from one tract down over another, naturally and without ditches, cannot be recovered.
2. One who has a lateral ditch to drain off waters from an adjoining tract must keep it in repair; but, if defendants, by ditches or otherwise, caused a greater amount of water to flow down on the lower tract than the lateral ditch could care for, they are liable in damages.
3. No one can sit by and see his property suffer damages, and not endeavor to prevent them, and recover.
4. Plaintiff's financial inability to market the salt evaporated on his land, and its consequent accumulation, cannot be urged as a measure of damage against one who afterward injured the salt beds by an over-flow of water.
5. Defendants may set up their good faith and license from the plaintiff as a defense to the action.

Case tried January 16, 1908.

---

*Messrs. Boerman & Llorens,* attorneys for plaintiff.

Balbas v. Rogers.

*Messrs. Pettingill & Leake,* attorneys for defendants.

Instructions by RODEY, Judge:

The facts sufficiently appear from the instructions.

RODEY, Judge, omitting the formal parts, gave the following charge and instructions to the jury:

This is a trespass suit for damages, brought by the plaintiff against the defendants for alleged damage to his salt-water deposit, in which he claims damages in the sum of $100,000. You are instructed that the amount of damages claimed in law adds no dignity or force to the right of a plaintiff to recover, but every plaintiff recovers every cent of damages from any defendant by the preponderance of the evidence in his favor, under the law, and in no other way.

Of the seven defendants originally in the case, it has been dismissed by plaintiff as to all the Semidey family, leaving only the defendants Frank M. Rogers and Robert Frazer of record.

From the evidence it has been made to appear that these defendants are lessees of a sugar cane plantation north of the basin where the plaintiff extracts salt by the evaporation of sea water near Salinas on this island, and that the reason plaintiff claims to be damaged is because, as he alleges, the defendants, without leave or right, and, as he alleges, contrary to his protest and warning, dug ditches from their property down towards his salt basin, and let an unusual quantity of water run into the same, so that it was freshened to such an extent as that the water therein could not be evaporated sufficiently to increase its saltiness so that the salt would crystallize and be deposited as theretofore, and thus enable him to gather and market it.

Balbas v. Rogers.

You are instructed that, while it is the duty of every person to so use his own property as not to injure his neighbor, still it is the law that water running from the land of one owner naturally, and without ditches dug for that purpose, onto the land of another and lower owner, is, in law, no injury to such lower owner, because it is such lower owner's duty to take care of the same as best he can.

You are further instructed that, if you believe, from a preponderance of the evidence in this case, that, for some time previous to the lease of the "Teresa" plantation by these defendants, the plaintiff had a ditch dug along the north line of his salt bed with a view to protecting it, it was his duty to keep the same in proper repair to take care of all the ordinary surface waters that would come to the same from time to time, and it is only for damage occurring from the sending down upon him of an unusual flow, as a result of their wrongful act, that these defendants would be liable; and before you can find these defendants liable for any damage to the said salt bed, you must believe, from a preponderance of the evidence: first, that they had no leave to dig these ditches; and second, that, after they were dug, a large volume of water, which otherwise would not have come in that direction, passed through the same, and that said volume of water was such as could not be taken care of by the lateral and protecting ditch of the plaintiff, and that said water did in fact overflow the border of said lateral ditch into the salt basin, and did in fact damage the same, and render it less fit for the uses for which it was intended.

You are further instructed that, if the plaintiff saw the ditches in question on the ground, and knew that the defendants had dug the same, and knew that he, the plaintiff, would

Balbas v. Rogers.

be damaged in consequence of their being there, then he could not, as matter of law, sit by and permit that damage to occur from year to year, and charge the same to the defendants; and in such case he could only recover from these defendants the amount of damage which it would cost to put the ground leading to his lateral ditch in the position in which it formerly was, so as to prevent this extra flow of water against him, and such damages as occurred to his salt beds before he had opportunity to so remedy conditions. You are further instructed that a mere liability of an overflow in the future, where the cause may easily be removed by plaintiff himself, is not a ground for the assessment of damages as for a permanent injury.

If you believe, from a preponderance of the evidence, that the defendants never in fact caused any damage to the plaintiff, you must find for the defendants. If, on the other hand, you believe that damage was caused him in the mode and within the limits indicated in these instructions, you must find for the plaintiff, and assess his damages at such sum as you may believe, from a preponderance of the evidence, the same amounts to.

If you believe, from a preponderance of the evidence, that the wrongful act of the defendants caused such a volume of water to flow into the salt basin of the plaintiff, and that, as a consequence, any portion of his salt basin was injured through grass or plants growing in the same so as to prevent the deposit of salt in portions of the same where it was theretofore deposited, then the plaintiff would be damaged to that extent, and you should find for him, as to that item, and assess his damages at what you believe, from a preponderance of the evidence, the same to amount to.

It is, of course, in the knowledge of us all, that all waters

flowing in Porto Rico are presumed to somewhere percolate or flow to the sea; and, if you believe, from a preponderance of the evidence, that, in the years in which plaintiff claims to have been damaged, no salt would in fact have been deposited in plaintiff's salt basin, by reason of the increase of the amount of rainfall or other causes not attributable to any wrongful act of these defendants, you should find for the defendants.

You are further instructed that it is the duty of every plaintiff, before he asks you to burden your consciences with giving him a verdict by which any person would be forced to pay him money, to prove to you, by a preponderance of the evidence, that such person, in law and in fact, is liable to him for such damages; and, if you believe that the plaintiff in this case has not so proved any damages before you, so as to enable you to fix damages against the defendants, then you should find for the defendants.

You are further instructed that the fact that the plaintiff did not possess the means in any one particular year to gather or market his salt is no reason why these defendants should be made to pay for his poverty in that regard.

You are further instructed that, if the defendants believed they were digging the ditches complained of in land rented to them by their landlord, that fact is no defense to them save as against punitive damages, unless it has been proved that the land in question did in fact belong to their landlord.

You are further instructed that, if you believe, from a preponderance of the evidence, that the son-in-law of the plaintiff permitted these defendants to dig the ditches as they were dug, in consideration of their cleaning out the lateral ditch north of the salt basin, and that the defendants did the same in a

reasonably workmanlike manner, and that the water which they thus brought to the border ditch was properly carried away to the "Pancha," then the defendants are not liable, and you should find for them.

If the jury believe, from a preponderance of the evidence in the case, that the defendants had a license from the plaintiff through his son-in-law, and that the latter was authorized to give them said license, and that they not only dug their own ditches, but cleaned out the plaintiff's ditch, so that the waters might all be carried away to "la Pancha," then, if the jury further believe that the plaintiff, by himself or his agents, stood by and were guilty of any contributory negligence in permitting the wall of their own lateral ditch to become broken, and to let any of the waters flow into the salt basin, such contributory negligence prevents the plaintiff from recovering at all in this case, and you should find for the defendants.

The verdict was for the defendants.